UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MARNER,<br><br>                              Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE, et al.,<br><br>                              Defendants. | Case No.: 24-cv-1469-RSH-BLM<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>[ECF No. 2] |

On August 16, 2024, Plaintiff Zachary Marner, proceeding pro se, filed this civil action against Farmers Insurance d/b/a Bristol West Insurance, Luis Alvarez, and David Coddie. ECF No. 1. At the time of filing, Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. §1915(a). ECF No. 2.

I.     **MOTION TO PROCEED IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing

that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F. 3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In Plaintiff's IFP application, he states that until last October, he had a monthly income of $10,700. He also states that over the past year his average monthly income has been $3,814.00, and that he currently has over $6,000 between cash and three checking accounts. Plaintiff resides in Aurora, Colorado, and has equity in a home subject to a mortgage. He owns a 2018 Subaru Outback outright, and is making payments on a 2022 Subaru Forester. He states that he expects to receive no money or income of any kind going forward; but he claims monthly expenses for, among other things, a gym membership, subscriptions, continuing education, and regular expenses for the operation of a business. Based on the foregoing, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Plaintiff's application to proceed IFP is denied. ECF No. 2.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

When reviewing an IFP application, the Court must also review the underlying complaint to determine whether it may proceed. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "The standard for determining whether a plaintiff has failed to state a claim for relief under which one can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the [Federal Rule of Civil Procedure ("Rule") 12(b)(6)]

standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.*

The Complaint here is handwritten, and in places illegible. Plaintiff alleges that his 2018 Subaru Outback was damaged in a flood on January 22, 2024, and that he thereafter filed a claim with his insurer, Bristol West. ECF No. 1 at 3. What occurred next is more difficult to follow. The Complaint appears to allege that his insurer first acknowledged, but then denied, the claim; stole and impounded the vehicle; attempted to have Plaintiff jailed or put in a mental institution, resulting in him being placed on a three-day mental health hold; sent Plaintiff to pick up his own vehicle in an area near the U.S.-Mexico border, in the hopes that Plaintiff would be killed there; damaged the vehicle's electrical system, GPS, and radio; and denied that Plaintiff had paid his insurance premiums. *Id.* Plaintiff alleges violations of his constitutional and civil rights without further elaboration of how those rights were violated, and accuses his insurer of conspiring with and bribing officers of the U.S. Department of Homeland Security. *Id.* at 2. He seeks damages for, among other things, commissions he lost while subject to the three-day mental health hold; as well as moving expenses, although it is not clear to the Court why he is claiming these. *Id.* at 3-4. The Complaint does not appear to mention the individual defendants, Alvarez and Coddie.

These allegations are lacking in the factual specificity that would allow the Court to conclude that he has plausibly alleged a claim for relief. Additionally, Plaintiff has not identified or specified a cause of action, which constitutional or civil rights of his have been violated, or a basis for federal jurisdiction. Accordingly, the Complaint is dismissed for failure to state a claim.

## III. LEAVE TO AMEND

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988)). The Court grants Plaintiff leave to file an amended complaint addressing the deficiencies identified herein.

## IV. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's motion to proceed IFP [ECF No. 2] and **DISMISSES** the Complaint with leave to amend. If Plaintiff wishes to proceed with this lawsuit, he must do the following within ***thirty (30) days*** of the date of this Order: (1) pay the filing fee, and (2) file an amended complaint. Plaintiff's amended complaint must be complete by itself, without reference to his original pleading. If Plaintiff fails to do either of these, the Court will dismiss this action and close the case.

**IT IS SO ORDERED**.

Dated: August 30, 2024

_____
Hon. Robert S. Huie
United States District Judge